ROBERTO MONTALVO CARROLL, demandante y peticionario, *v.* ADM. DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA y/o SU JUNTA DE SÍNDICOS; SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA y/o ADM. DE LOS SISTEMAS DE RETIRO, demandados y recurridos.

*Número:* O-83-529     *Resuelto:* 26 de octubre de 1983

*Roberto Montalvo Carbia* y *Leonardo Andrade Lugo,* de *Goldman & Antonnetti,* abogados del peticionario; *Miguel Pagán, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Roberto Montalvo Carroll cuestiona la negativa del Tribunal Superior, Sala de San Juan, a revisar el dictamen

de la Junta de Síndicos de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura, en torno a los beneficios a que es acreedor como pensionado que reingresó al servicio público y luego cesó definitivamente.

# I

Montalvo Carroll se desempeñó, a intervalos, un total de 36.5 meses en el servicio público durante los años 1935 a 1939 en programas en los cuales *no* cotizó bajo ningún sistema de retiro. A partir de esa época continuó realizando labores en el gobierno. Aunque hizo gestiones al efecto, no le acreditaron el término de 36.5 meses trabajados originalmente en la segunda mitad de la década de 1930. Se retiró el 10 de octubre de 1959 con derecho a una pensión diferida. Para entonces había acreditado 20.75 años de servicio. El 28 de abril de 1972, al cumplir 58 años, comenzó a recibirla.

Así las cosas, el 16 de agosto de 1974 se reintegró al servicio público. En esa ocasión se acogió a la alternativa provista en el Art. 6.C de la Ley de Retiro, que reza en lo pertinente:

Con excepción de los Alcaldes pensionados por edad y cubiertos por las disposiciones especiales de retiro contenidas en esta sección, *el pensionado que se reintegre al servicio podrá optar por:*

(1) Devolver todos los pagos recibidos del Sistema por concepto de pensión, en cuyo caso, a su separación definitiva del servicio, se le computará de nuevo la pensión a base de todos los servicios prestados con anterioridad y posterioridad a su reingreso en la forma que prescribe la presente sección para las anualidades por retiro; o

(2) No devolver los pagos de pensión ya recibidos, en cuyo caso, a su separación definitiva del servicio, se le reanudará el pago de la pensión suspendida y además se le pagará una anualidad suplementaria *sobre la base de los servicios prestados y el sueldo anual promedio devengado a partir de su reingreso al servicio.* La anualidad suplementaria *se computará de acuerdo con la fórmula establecida* en la presente sección para las anualidades de retiro; *y en caso de que el período de*

*servicios posteriores al reingreso fuere menor de cinco años, se utilizará el sueldo promedio que resulte de todo el referido período de servicios posteriores.* 3 L.P.R.A. sec. 766.C. (Énfasis suplido.)

Durante este nuevo período trabajó hasta el 30 de abril de 1976, un total de 20.5 meses. Se retiró definitivamente.

Subsiguientemente, mediante trámite interno, el 23 de septiembre de 1977 obtuvo de la Junta de Síndicos un fallo a su favor y logró que le acreditaran los 36.5 meses trabajados en la década de 1930. Sin embargo, el Administrador del Sistema no le acreditó dicho término a su pensión *original*, sino que los sumó a los 20.5 meses trabajados durante su reingreso en la década del 1970. Así le computó la pensión suplementaria. Justificó esa acción en el Art. 25 de la Ley de Retiro, dispositivo de que una vez concedida una pensión, la misma es vitalicia y no puede ser modificada, alterada o revocada. Dispone en lo pertinente:

*Pagos mensuales; anualidades vitalicias*

Toda anualidad por retiro por incapacidad, o cualquier otra anualidad que dispongan las secs. 761 a 788 de este título tendrá carácter vitalicio y será pagadera por plazos mensuales, *y la misma no podrá aumentarse, disminuirse, revocarse o derogarse, salvo cuando hubiere sido concedida por error, o cuando en forma explícita se dispone de otro modo.* El costo de proveer beneficios por defunción concedidos a la muerte de un participante que estuviere recibiendo una anualidad por retiro, no se cargará a la anualidad vitalicia pagadera al participante. 3 L.P.R.A. sec. 786. (Énfasis suplido.)

Además de esta interpretación, el administrador utilizó el factor de 1.5%, en vez de 2% en su cómputo. El resultado final es que a base de ese enfoque y fórmula, Montalvo Carroll recibe una pensión regular considerablemente más baja.

## II

El administrador erró en dos extremos. Primeramente, en virtud del Art. 25 de la Ley, *ante*, estaba facul-

tado y podía modificar la pensión original para añadirle los 36.5 meses trabajados en la década del 1930. Aunque la regla general es que una vez concedida, la pensión es vitalicia e inalterable, tal norma tiene su excepción en la propia ley: "podrá aumentarse . . . cuando hubiere sido concedida por error, o cuando en forma explícita se dispone de otro modo". Como acertadamente resolvió la Junta de Síndicos el 23 de septiembre de 1977, esos servicios prestados eran cotizables bajo las disposiciones de la Ley Núm. 110 de 28 de junio de 1969 y al amparo de la Resolución Conjunta Núm. 100 de 22 de junio de 1957, las cuales en síntesis, autorizan la acreditación de años de servicio en puestos irregulares y en agencias federales. Abona a ese decreto que cierta y realmente esos servicios fueron prestados *antes* de su primer retiro.

■ Segundo, también incidió el administrador al computar la pensión suplementaria. Según el Art. 6.C *ante*, cuando "el período de servicios posteriores al reingreso fuere *menor de cinco años*, se utilizará el sueldo promedio que resulte de todo el referido período de servicios posteriores". Como consecuencia, el divisor correcto era 20.5 meses, pues se excluía el período correspondiente a la década de 1930. Ahora bien, al utilizar un divisor pequeño en la fórmula para computar la pensión suplementaria, la misma no incrementa en beneficio del empleado.

### III

Finalmente, no erró el administrador al multiplicar valores de la pensión suplementaria por el factor de 1.5 en vez del 2%. Así lo prescribe el Art. 6.A de la Ley de Retiro:

El importe de la anualidad será el uno y medio por ciento (1½%) de la retribución promedio, multiplicado por el número de años de servicios acreditables *hasta* veinte (20) años, más el dos por ciento (2%) de la retribución promedio multiplicado por el número de años de servicios acreditables en exceso de veinte (20) años. 3 L.P.R.A. sec. 766.A.

El recurrente Montalvo Carroll no se acogió a la primera opción del Art. 6.C de la Ley y por ende, no devolvió los pagos recibidos. Al seleccionar la segunda alternativa, se hizo acreedor a una pensión suplementaria a ser computada "sobre la base de los servicios prestados y el sueldo anual promedio devengado *a partir de su reingreso al servicio*". No puede pretender que se tabule sumando los años de la pensión original. El estatuto no lo autoriza. Decidir lo contrario implicaría abolir las opciones que consagra la ley.

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rebollo López no intervinieron.